**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4813**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

YEEDSER D. PALACIOS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge. (6:13-cr-00271-TMC-1)

Submitted:  May 19, 2014                Decided:  May 27, 2014

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson, III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Clemson, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yeedser Daniel Palacios appeals his seventy-five month sentence imposed following his guilty plea to aggravated identity theft and conspiracy to defraud the Internal Revenue Service. On appeal, Palacios argues that his sentence is unreasonable because the district court inadequately explained its reasons for rejecting certain mitigation arguments he raised at sentencing. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential "abuse-of-discretion standard." Gall v. United States, 552 U.S. 39, 51 (2007). We first review the sentence for "significant procedural error," including improper calculation of the Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, and failure to sufficiently explain the sentence imposed. Gall, 552 U.S. at 51. Only if we find the sentence procedurally reasonable need we consider the sentence's substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

To adequately explain a sentence, the district court must "place on the record an individualized assessment based on the particular facts of the case before it." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal quotation marks omitted). The explanation need not be elaborate or lengthy but must be adequate to permit meaningful appellate

2

review.  Carter, 564 F.3d at 330.  The "court must demonstrate that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and alterations omitted).  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . , a district judge should address the party's arguments and explain why he has rejected those arguments."  Carter, 564 F.3d at 328 (internal quotation marks omitted).

Palacios primarily asserts that the district court committed procedural sentencing error by selecting a sentence without adequately explaining why it rejected his arguments regarding the impact his incarceration would have on his family. He cites empirical data demonstrating the effects of parental incarceration on children, and adds that his incarceration will have a significant financial impact on his family.  He further notes that the court provided no explanation for denying his requests for self-surrender and placement in a facility near Miami, Florida.  He argues that resentencing is required because the district court's failure to address these issues explicitly on the record prevents us from determining whether it actually considered them.

We find these arguments unpersuasive. Palacios did not raise in the district court his arguments regarding the impact of parental incarceration on children and the loss of his income. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011) (declining to address argument raised for first time on appeal). Moreover, the court conducted a detailed analysis of Palacios' offense and personal circumstances, including his family and finances, and provided a thorough explanation of its reasoning in selecting a sentence, specifically tying the sentence to multiple § 3553(a) factors. The court's analysis demonstrated that it considered Palacios' family circumstances—in particular, his five children in Florida and child support obligations—in selecting the sentence. Palacios' arguments regarding his family also were not particularly strong or well-developed, as he did not demonstrate how his family's experience took his circumstances outside the heartland of sentencing cases or outweighed the seriousness of the crime and impact on the victims. Cf. United States v. Boulware, 604 F.3d 832, 839-40 (4th Cir. 2010) (recognizing as "weak" argument that defendant should receive below-Guidelines sentence because her incarceration would negatively impact her children and students, where she provided no evidence that her circumstances were atypical).

While Palacios is correct that the district court did not give specific reasons for rejecting his requests for self-placement in Miami and for self-surrender, we conclude that no relief is warranted. Insofar as Palacios challenges the denial of his request for self-surrender, the claim is moot. See United States v. Hardy, 545 F.3d 280, 285 (4th Cir. 2008) (finding sentencing challenge moot when "there is no wrong to remedy" and the court "cannot grant any effectual relief" (internal quotation marks omitted)). Further, it is apparent that the district court meaningfully considered Palacios' request for placement in Florida but exercised its discretion to defer to the Bureau of Prisons. Given the court's thorough explanation of the basis for its sentence, we find no abuse of discretion in the court's failure to address these arguments further. See Carter, 564 F.3d at 330.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED